IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM HENRY MULDROW, | * | |
| | * | Civil Case No. AW-09-0511 |
| v. | * | Criminal Case No. AW-03-0555 |
| | * | |
| | * | |
| UNITED STATES OF AMERICA | ****** | |

**MEMORANDUM OPINION**

**I. INTRODUCTION AND BACKGROUND**

Before the Court is a Motion/Petition by the Petitioner/Defendant, William Henry Muldrow, for relief pursuant to 18 U.S.C. § 2255. Petitioner along with twelve others were named in an Eight Count Second Superseding Indictment alleging Conspiracy To Distribute and Possession, Felon in Possession of a Firearm, Use of a Firearm in Relation to a Drug Trafficking Crime and related offenses allegedly occurring from February 1, 1999 to November 30, 2003 in the State and District of Maryland and elsewhere. Prior to the start of the trial, the Government provided Petitioner with notice of its intent to seek an enhanced sentence pursuant to 21 U.S.C § 851 based upon Petitioner's two prior felony drug convictions. Petitioner elected to go to trial. A jury was empaneled and the projected two week trial commenced on January 17, 2006. After two days, and the completion of five witnesses (the 5th witness being one of the cooperators), Petitioner re-examined his situation and decided to plead guilty.

A written plea agreement was executed by Petitioner on January 19, 2006 wherein Petitioner entered a guilty plea to Count I-Conspiracy to Distribute and Possess With the Intent To Distribute

5 Grams or More of Cocaine Base and a Quantity of Oxycodone, in violation of Title 21 U.S.C § 846, a class B Felony. In the Plea Agreement, the parties agreed to make a joint recommendation of a sentence of 235 months imprisonment, four years of supervised release, a special assessment of $100, and no fine. The Government also agreed to withdraw the notice filed pursuant to 21 U.S.C.§ 841 (enhanced penalty) and to dismiss the remaining counts. A presentence report was ordered and an expedited sentencing hearing was ordered and scheduled for March 29, 2006. On February 25th 2006, and, again, on March 6, 2006 Petitioner sent hand written letters to the Court advising the Court that he wanted to withdraw his guilty plea. Prior to sentencing Petitioner, the Court conducted a hearing on the request to withdraw the guilty plea and concluded that Petitioner had not presented a sufficient legal basis to support his request to withdraw the guilty plea. Accordingly, the Court denied the request to withdraw his guilty plea. On March 29th, 2006 Petitioner was sentenced to 235 months imprisonment, and 4 years of supervised release pursuant to the plea agreement and, specifically, in accordance with the joint recommendation of the parties.

Petitioner appealed his judgment and sentence imposed–contending in his appeal that the Court erred in denying his motion to withdraw his guilty plea. In an unpublished, *per curiam*, opinion issued on September 4, 2007, the United States Court of Appeals for the Fourth Circuit affirmed the judgment and Sentence holding, *inter alia*: that the record clearly disclosed that the Court ensured that Petitioner understood the jointly recommended sentence of 235 months which he received; and that the transcript of the Rule 11 proceeding demonstrated compliance with the Rule and supported the finding by the Court that Petitioner's guilty plea was counseled, knowing, and voluntary. *See, United*

*States v. Muldrow*, 246 Fed Appx. 177, 178 (4th Cir.2007). Thereupon, Petitioner filed a petition for *Writ of Certiorari* with the United Supreme Court which was denied on February 25, 2008. *See*, *Muldrow v. United States*, 128 S.Ct. 1465 (2008).

## II. THE CLAIMS

While the Petitioner's 14 page Memorandum of Law accompanying his instant § 2255 Motion discusses a potpourri of issues which he structures in [some] eleven points, stripped to the bare bones Petitioner, essentially, presents two grounds that he contends entitle him to relief. **First**, Petitioner argues that this Court failed to conduct an effective Rule 11 proceedings to support Petitioner's guilty plea and that the Court erred in not granting Petitioner's motion/request to withdraw his guilty plea. **Second**, Petitioner claims his counsel's conduct was derelict in a number of ways, and that his counsel's errors constituted ineffective assistance of counsel and contributed to the Petitioner being induced, tricked, and coerced into taking a guilty plea that was not voluntarily, understandingly and knowingly entered.

## III. DISCUSSION

A

Preliminarily, the Court agrees with the Government that Petitioner's claims: (1) That he did not make a knowing and voluntary decision to plead guilty; (2) That he did not effectively waive his constitutional rights when he pled guilty; (3) That the Rule 11 proceeding conducted by the Court was constitutionally defective; and (4) that the Court erred in not permitting Petitioner to withdraw his guilty plea–have all been addressed on appeal and resolved against Petitioner.

After two days of trial, the trial was suspended and the jury remained in the jury room while the Court considered Petitioner's request to pled guilty. Following negotiations by the parties, a written agreement was executed which set forth the particulars of the agreement. The Court conducted a Rule 11 inquiry, specifically, determining that Petitioner had made a knowing, understanding, and voluntary decision to pled guilty, and that there was an adequate factual basis to support the plea to the conspiracy count. The Court then accepted the guilty plea, dismissed the jury and scheduled an expedited sentencing. Prior to the scheduled sentencing date, Petitioner wrote to the Court asking to withdraw his guilty plea. Petitioner's initial letter was followed a few days later with a supplemental letter providing additional reasons in support of his request to withdraw his guilty plea. In the letters, Petitioner complained that his attorney did not review any defenses with him, that the Government promised to drop the firearm count but included it in the plea agreement, that he needed the Court to appoint an investigator to get the true facts in this case, that his attorney had not [as promised] secured a mental evaluation for Petitioner, and that his attorney had pressured him into taking the plea agreement. The Court conducted a hearing and determined that Petitioner had not presented a basis for the Court to withdraw the guilty plea. The Court then sentenced Petitioner to what the parties had agreed to jointly recommend: 235 months imprisonment.

Petitioner appealed his conviction and sentence. In addition to his claim that his plea was not voluntary and that Court erred in denying his motion to withdraw his guilty plea, Petitioner also claimed that it was his understanding that he would be incarcerated for 12 to 14 years. Interestingly, this assertion had not been mentioned in either of Petitioner's two written letters to the Court in support of his request to withdraw his guilty plea. Nevertheless, in an unpublished, *per curiam*,

opinion issued on September 4, 2007, the Fourth Circuit affirmed the judgment and Sentence holding: That contrary to Petitioner's claim that it was his understanding that he was to receive twelve to fourteen months the record clearly disclosed that the Court ensured that Petitioner understood the jointly recommended sentence of 235 months which he received; and that the transcript of the Rule 11 proceeding demonstrated compliance with the Rule and supported the finding by the Court that Petitioner's guilty plea was counseled, knowing, and voluntary. *See, United States v. Muldrow*, 246 Fed Appx. 177, 178 (4th Cir.2007). Inasmuch, as the Fourth Circuit has already addressed the issues as to the voluntariness of the guilty plea, the denial of the motion to withdraw, and as to the so-called "implicit understanding" that Petitioner was to receive a sentence short of 235 months, the Court will deny this first claim without any further consideration beyond what has been indicated.

B

Petitioner's second argument surrounds his claim that he was denied the effective assistance of counsel based upon several alleged failures of his counsel. Specifically, Petitioner says that his counsel failed to challenge the effectiveness of the Rule 11 proceeding; failed to challenge the factual accuracy of testimony by law enforcement officers with respect to who actually was driving the vehicle[1]; and failed to challenge or bring up issues with respect to the alleged illegal stop, search and seizure involving the automobile. Moreover, Petitioner further asserts that his counsel advised Petitioner that he would receive 144-168 months of imprisonment and not the joint recommended 235 as set forth in the plea agreement. Finally, Petitioner claims that his counsel advised Petitioner that he could possibly have received a sentence 6 times worse and more severe than the law would allow.

5

---

[1] Petitioner claims that the testimony by the officer that Sherry Heavel was driving was the automobile was not correct in that Michelle Scott, in fact, was driving the vehicle.

With respect to the claim by Petitioner that his counsel was ineffective, the Court reviews his allegations under the well established standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984), under which a claimant must establish the two prong standard of deficient performance and prejudice. In other words, in order to succeed on his claim of ineffective assistance of counsel, Petitioner must show that his counsel's performance was deficient in that counsel made errors so serious that he ceased to function as a counsel within the meaning of the Sixth Amendment, and that the alleged deficient performance prejudiced the defense. Id.

Petitioner's assertion that his counsel was derelict in challenging the effectiveness of the Rule 11 Proceedings is devoid of merit. Both this Court and The Fourth Circuit determined that there was no defect in the Rule 11 proceeding. Consistent with his professional responsibilities of representing Petitioner, counsel advised Petitioner with respect to both the sentencing implications should Petitioner be convicted of the several charges Petitioner was facing, and the possibility of the enhanced penalties in light of Petitioner's prior record. Such responsibilities of counsel included the exploration of a possible reasonable plea. In this case, the Court believes that counsel appropriately advised Petitioner with respect to the plea offer which was ultimately accepted by Petitioner. Petitioner simply has not demonstrated a deficiency in counsel's performance. Neither has Petitioner shown (had there been a performance defect) any causal connection, any resulting prejudice or any probability that but for counsel actions or non actions, Petitioner would not have pled guilty. There simply was no reasonable basis in this case for counsel to have challenged the Rule 11 proceeding as ineffective and invalid. This claim must be rejected.

Petitioner also posits that his counsel was ineffective by failing to challenge [what Petitioner believes] was perjured testimony of two law enforcement officers with respect to the driver of the vehicle in which Petitioner was riding when he was stopped. Accordingly to Petitioner, the correct driver was Michelle Scott and not Sherry Heavel who the officers testified was the driver. The extent, if at all, to which counsel for Petitioner would have challenged the police version of who was the driver or the methodology by which counsel would have presented Petition's version of who was driving is open to utter speculation. The trial was expected to go for about two weeks and only five witnesses had testified. Generally, there is a strong presumption that a defense counsel's conduct is competent and that trial tactics and trial strategy are within the discretion of trial counsel. To prevail on a claim of ineffective assistance of counsel, a petitioner must make a showing that counsel's performance was not "within the range of competence normally demanded of attorneys in criminal cases, *Strickland* 466, U.S. at 687. Here, Petitioner has not shown on this record that counsel's errors were so unprofessional that the outcome of the proceedings would have been different. Absent any demonstration of a performance flaw [prong] which had a reasonable probability to have affected Petitioner's decision to pled guilty [prejudice prong], there is no basis in this case to find ineffective assistance of counsel.

Petitioner next complains that his counsel failed to challenge or bring up issues with respect to the alleged illegal stop, search and seizure involving the automobile in which Petitioner was riding. The Court is befuddled by this claim. Petitioner has not detailed this claim that his counsel failed to bring up or challenge fourth amendment issues. A review of the docket reflects that two separate motions to suppress tangible evidence had been filed on behalf of Petitioner. See papers #181-1 and # 237-1. On October 31, 2005. District Judge Peter J. Messitte of this District conducted a motions

hearing on the motion to suppress and denied the Motion. See, docket [paper #243-1]. Contrary to Petitioner's claim, his counsel did bring up and challenge the 4th amendment stop, search and seizure issues on Petitioner's behalf. This claim, therefore, must be denied.

Finally, Petitioner claims that his counsel advised Petitioner that he would receive 144-168 months of imprisonment [and not the joint recommended 235 months as set forth in the plea agreement], and claims further that his counsel also told him that he could receive a sentence 6 times worse and more severe than the law would allow. The record in this case belie these assertions. The plea agreement itself which was executed by Petitioner indicates that Petitioner understood that there would be a joint recommendation of 235 months imprisonment.[2] In addition, the transcript of the Rule 11 proceeding reflect that the Court thoroughly questioned Petitioner with respect to: (1) His understanding of the joint recommendation of 235 months. (See Transcript of January 19, 2006 Guilty Plea, Government Exhibit A pages 18-20); (2) Petitioner's acknowledgment that no threats, or other promises were made to Petitioner to get him to pled guilty; (3) Petitioner's representation that he was satisfied with the services of his attorney and that his attorney had done everything Petitioner has asked of him; and (4) Petitioner's response that he had no complaints against his attorney that the Court needed to address. See Transcript of January 19, 2006 Guilty Plea, Government Exhibit A page 21). Lastly, the Fourth Circuit [in affirming the judgment and sentence] held that the record clearly reflected Petitioner's understanding that he was to receive 235 months imprisonment. Even if we were to believe that counsel made these sentencing representations {which the record fails to indicate} the Court does not believe, that under the circumstances of this case, Petitioner has

---

[2] The Court earlier noted that Petitioner never mentioned anything about a promised 12 to 14 year sentence in the two hand written letters Petitioner sent to the Court in support of his request to withdraw his guilty plea.

demonstrated a reasonable probability that but for counsel's representations Petitioner would not have pled guilty. The Court does not believe on this record that Petitioner has made any showing that counsel's performance was legally deficient. Nor does the record show any evidence of prejudice pursuant to the Strickland standard. Accordingly, Petitioner's ineffective assistance of counsel claim must fail.

While it is clear that approximately a month or so after having pled guilty, Petitioner experienced second thoughts and changed his mind about pleading guilty, there simply was not then nor is there now any legal basis to set aside that guilty plea which was properly taken and accepted in compliance with Rule 11. The Court will be very candid. This was a negotiated plea agreement and bargained-for-sentence consummated as trial was underway. Petitioner was the lone defendant in what appeared to be an extensive conspiracy to have elected to go to trial. All other co-defendants pled guilty with some having agreed to testify against Petitioner. In light of his extensive criminal record and in view of his level of involvement, Petitioner faced serious consequences. In fact, had he been convicted, Petitioner would have possibly qualified as a career offender. Being a career offender together with the quantity of drugs [arguably] reasonably attributed to Petitioner, there was a real possibility that Petitioner faced a life sentence. Petitioner's counsel negotiated a withdrawal of the 21 U.S.C § 841 [enhanced penalties] provision, impressed upon the Government to stipulate that one of the qualifying convictions was closely related to the instant offense and thus not scored, successfully prevailed upon an application of a lower drug quantity scale used to compute the offense level, and negotiated a joint recommendation for a reduction of Petitioner's criminal history category to a V based on over-representation of criminal history. Instead of facing the risk of a life sentence, Petitioner was provided an option of a sentencing range of 235-293 months by accepting a plea. The Court

adopted the joint recommendation of the parties and sentenced Petitioner to 235 months. In view of Petitioner's record, the significant risks had he been convicted, and what appears to have been significant benefits Petitioner received through a negotiated plea, the Court cannot conclude that his counsel was constitutionally ineffective.

## IV. ADDITIONAL PENDING MOTIONS

There are also two additional motions which are now pending. Petitioner filed a one sentence Motion For Time Extension to Supplement his § 2255–requesting 30 days to supplement his pending Motion. There is no reason provided nor is there a proposed supplement submitted or any suggestion as to the basis for the supplement. Thirty days has long since passed . The Court does not believe that Petitioner has provided a sufficient basis for an extension to supplement, therefore, this Motion to Supplement shall be Denied.

Petitioner also filed a Motion To Copy Work. In this Motion, Petitioner has requested complete copies of all transcripts from October 31, 2005, transcripts of all witnesses who testified [including the testimony of a Montgomery County, Maryland officer who testified], a copy of letters and responses to letters regarding correspondence with Judge Peter Messitte of this Court[3], and the arrest report of the Maryland State Troopers. Petitioner claims that all of these documents are needed to help him in filing his § 2255 and § 3582 Motions. As indicated above, Petitioner initially pled not guilty and trial commenced on January 17, 2006. After the completion of two days of trial, and the testimony of 5 witnesses, including the testimony of one of the cooperators, Petitioner re-thought his situation and reached a plea agreement with the Government. In the plea agreement, both

---

[3]The letters written to Judge Messitte, [a district judge of this district who initially was assigned to this case and who conducted the pre-trial motions hearing] pertained to Petitioner's dissatisfaction both with the outcome of his motions hearing and with the performance of his counsel at motions hearing.

10

parties stipulated as to a precise sentence [joint recommendation of 235 months imprisonment] which the Court approved.   This Motion To Copy is not supported by any specific reasons for this Court to order the copying of such sweeping and voluminous documents.  Accordingly, this Motion also will be Denied.

## V.  CONCLUSION

In sum, the Court has reviewed the current pleadings and the entire files relative to the present Motion as well as the underlying criminal case.  The Court finds that Petitioner has not demonstrated a legal and cognizable basis for relief.  Accordingly, the Petitioner's motion pursuant to § 2255 is DENIED.

A separate Order following this Memorandum Opinion will be issued.

Dated: June 16, 2009

/s/ Alexander Williams, Jr.
Alexander Williams, Jr.
United States District Judge